**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

WILLIAM EDWARD PALMER
ADC #152347                                                                                    PLAINTIFF

V.                              CASE NO. 5:14-CV-00452-DPM-BD

WANDA SUGGS                                                                              DEFENDANT

**RECOMMENDED DISPOSITION**

I.      **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr.  A party to this suit may file written objections with the Clerk of Court within fourteen (14) days of filing of the Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, you may waive any right to appeal questions of fact.  And, if no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.

II.     **Background:**

On December 19, 2014, Plaintiff William Edward Palmer, an inmate at the Randell L. Williams Correctional Facility of the Arkansas Department of Correction ("ADC"),

filed this lawsuit *pro se* under 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his medical needs.  (Docket Entry #2)  On February 12, 2015, Mr. Palmer filed his Substituted Complaint that stated claims only against Defendant Wanda Suggs, the official of the nursing department.  (#5)  The Court dismissed the other Defendants.  (#6)

Defendant Suggs has filed a motion for summary judgment contending that Mr. Palmer failed to complete his administrative remedies required by the Prison Litigation Reform Act prior to filing this action.  (#18)

Defendant Suggs later filed a motion to have her statement of the facts deemed admitted.  (#24)  Mr. Palmer has not responded to either the statement of the facts or the motion. For the reasons set forth below, Defendant Suggs's motion for summary judgement  (#18) should be GRANTED.

**III.    Discussion:**

A.    Standard

Summary judgment is proper when the moving party presents evidence, viewed in the light most favorable to the nonmoving party, showing that there is no real dispute as to any material fact.  FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  If the moving party meets this burden, the nonmoving party must come forward with evidence showing that there is a genuine dispute that must be decided at a trial.  *Torgerson v. City of Rochester*, 643

F.3d 1031, 1042 (8th Cir. 2011) (en banc) (citing *Celotex Corp.*, 477 U.S. at 323).  If the nonmoving party does not come forward with evidence sufficient to establish a necessary element of his case, the moving party entitled to the judgment as a matter of law.  *Celotex Corp.,* 447 U.S. at 323.

  B. Exhaustion

  Before a prisoner can file suit under 42 U.S.C. § 1983, he or she must exhaust all available administration remedies.  42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 739 (2001).  Exhaustion requirements are determined by the ADC, rather than federal law.  *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

  Defendant Suggs provided a copy of the ADC grievance procedure in support of her motion.  (#19-1)  The grievance procedure requires an inmate to submit an informal Unit Level Grievance Form to the intended staff personnel, then to lodge a formal grievance if the issue is not resolved.  (#19-1)  The inmate must appeal if he or she believes that the problem has not been properly resolved, and the Unit Level Grievance Form must be attached to the Appeals Form.  (#19-1)

  In support of her motion for summary judgment, Ms. Suggs offered the sworn statement of Shelly Byers, the ADC's Medical Grievance Coordinator.  In her declaration,

Ms. Byers states that Mr. Palmer filed two grievances related to this complaint, but that he did not exhaust either grievance before he filed his complaint. (#19-2) Mr. Palmer did not complete the appeals process in grievance NC-14-00532 because he did not attach the Unit Level Grievance Form to his appeal. That appeal was rejected on January 20, 2015, after his complaint in this lawsuit was filed. (#19-2 at p. 1) Mr. Palmer completed the grievance procedure with grievance RLW14-00505. (#19-2 at p. 1) He did not complete the process, however, until February 24, 2015, two months after filing his complaint in this lawsuit. (#19-2 at p. 1)

Here, it is undisputed that Mr. Palmer did not exhaust his administrative remedies prior to filing his complaint. Therefore, Defendant Suggs's motion for summary judgment should be granted.

**IV.   Conclusion:**

The Court recommends that Ms. Suggs's motion for summary judgment (#18) be GRANTED. Mr. Palmer's claims should be DISMISSED, without prejudice.

DATED this 11th day of September, 2015.

_____
UNITED STATES MAGISTRATE JUDGE